```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


DILBERT "IVAN" CALIX CHACON              CIVIL ACTION


VERSUS                                   NO: 06-1645


GLOBAL INTERNATIONAL MARINE,             SECTION: "J" (4)
INC. ET AL.
```

### ORDER AND REASONS

Before the Court is Defendants, New York Marine and General Insurance Company and Fireman's Fund Insurance Company's Motion for Summary Judgment. (Rec. Doc. 107)  For the reasons below, Defendants' Motion is **DENIED**.

### BACKGROUND

The facts in this case have been previously set out and are not particularly relevant to the instant motion.  However, it is relevant to note that this case is currently before this Court after remand by the United States Court of Appeals for the Fifth Circuit.  On January 4, 2007, Plaintiff filed his first supplemental and amending complaint, naming New York Marine and

General Insurance Company and Fireman's Fund Insurance Company as defendants pursuant to Louisiana's Direct Action Statute, LA. REV. STAT. ANN. § 22:655.  Defendants' filed the instant motion for summary judgment claiming that the direct action statute should not apply in this case.

## DISCUSSION

A. Legal Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

B. Application of Louisiana's Direct Action Statute in Federal Maritime Cases

The starting point for discussion should be whether the Louisiana Direct Action Statute applies in maritime cases.  One of the first attempts to reconcile the statute with federal maritime law ended in a deadlock when the Supreme Court was unable to reach a conclusion.  *Md. Cas. Co. v. Cushing*, 347 U.S.

409 (1954). However, fifteen years later, the Fifth Circuit determined that the statute does not impermissibly interfere with federal maritime law especially in context of a limitation action. *See Koesler v. Harvey Applicators, Inc.*, 416 F. Supp. 872, 873-74 (E.D. La. 1976)(*citing Olympic Towing Corp. v. Nebel Towing Co.*, 419 F.2d 230 (5th Cir. 1969)). Further, the *Koesler* court notes that if a plaintiff is injured on a vessel whether or not it is located in Louisiana territorial waters, or on the high seas, "he could invoke the Louisiana direct action statute." *Id.* at 874 (*citing Sassoni v. Savoie*, 327 F. Supp. 474 (E.D. La. 1971)). Accordingly, it is settled law that the Direct Action Statute can apply to federal maritime actions.

C. The Statute's Application to the Instant Case

The direct action statute provides that an "injured person or his or her survivors or heirs . . . shall have a right of direct action against the insurer within the terms and limits of the policy." LA. REV. STAT. ANN. § 22:655(B)(1). Both parties agree that the direct action statute only applies to torts. *See Orleans Parish Sch. Bd. v. Chubb Custom Ins. Co.*, 162 F. Supp. 2d 506, 515-16 (E.D. La. 2001)(Clement. J); *see also Esteve v. Allstate Ins. Co.*, 351 So. 2d 117, 120 (La. 1977); *Taylor v. Fishing Tools,. Inc.*, 274 F. Supp. 666, 673 (E.D. La. 1967).

Plaintiff and defendant do disagree as to the types of claims that they have. The Defendant suggests that the only action against it is a claim for maintenance and cure benefits. Defendant is certainly correct that the payment of maintenance and cure benefits are not grounded in tort liability and are closer to contract actions. *See Boudreaux v. United States*, 280 F.3d 461, 468 (5th Cir. 2002)("The [maintenance and cure] obligation is independent of tort law."); *Rowan Cos. v. Ainsworth*, 50 F. Supp. 2d 588, 590 (W.D. La. 1999)(Little, C.J.)("Maintenance and cure is an ancient form of liability unique to admiralty law. It is based in neither tort nor strict liability. Instead, maintenance and cure arises out of the employment relationship between a seaman and the vessel owner."); *Cf. Kossick v. United Fruit Co.*, 365 U.S. 731, 735-36 (1961)("A contract for hospital service rendered an injured seaman in satisfaction of a shipowner's liability for maintenance and cure . . . is a maritime contract."). Louisiana state courts agree that an action for maintenance and cure is an action "ex contractu." *See Perry v. Allied Offshore Marine Corp.*, 618 So. 2d 1033, 1035 (La. App. 1 Cir. 1993). The *Perry* court noted that while an action for maintenance and cure was more akin to a contract action, an action for failure to pay proper maintenance and cure is a tort action. *Id.*

The Fifth Circuit and Louisiana State Courts have considered a tort to have occurred when an insurer fails to pay maintenance and cure.  See *Grubbs v. Gulf Int'l Marine*, 13 F.3d 168, 172 (5th Cir. 1994); *Hebert v. Aetna Casualty and Surety Co.*, 400 So. 2d 695 (La. App. 1 Cir. 1981).  That is exactly the conduct that plaintiff complains of in the Amended Complaint filed on Jan. 4, 2007. (Rec. Doc. 67).  "After repeated demands and receipt of correspondence from treating physicians . . . Defendants . . . steadfastly refused to pay for cure treatment."  *Id.* at para. XVII.  "The failure of Defendants to immediately pay maintenance and cure benefits led to a deterioration of Complainant's medical condition . . ." *Id.* at para. XVIII.

Defendants' main assertion is that a claim for maintenance and cure sounds in contract and not tort, and therefore the Direct Action statute does not apply.  Defendant is incorrect, as plaintiff's claim sounds in tort under the rules in *Hebert* and *Grubbs*.  Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgement (Rec. Doc. 107) is **DENIED**.

New Orleans, Louisiana this the 21st day of November, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE